JiDOUCET, Chief Judge.
The State of Louisiana, Department of Public Safety and Corrections (D.P.S.) appeals a decision of the juvenile court which orders D.P.S. to retroactively pay the Calca-sieu Parish Detention Facility for the keeping and feeding of a child ordered detained in said facility pending a hearing. We reverse the order of the trial court.
FACTS
M.L.W. first came into the juvenile system in May 1996, when the child and her family were ruled to be a Family in Need of Services. Thereafter, on September 13, 1996, M.L.W. was committed to and placed in custody of the D.P.S. for a period Rnot to extend past her eighteenth birthday. By an order of the juvenile court dated March 26, 1997, M.L.W. was released on probation to the custody of her parents. The release order conditioned her release upon her continued supervision by the D.P.S. M.L.W. apparently violated the conditions of her release on July 5, 1997, and on July 29, 1997, she was confined in the Calcasieu Parish Detention Center pending a hearing on her alleged violation of her conditions of probation.
The issue before this court concerns M.L. W.’s confinement in the Calcasieu Parish Detention Center from July 29, 1997 through August 1, 1997. On July 30, 1997, the juvenile court issued an order which placed M.L. W.
in the custody of the Louisiana Department of Public Safety and Corrections, Office of Youth Development for the purpose of payment to the Calcasieu Parish Juvenile Detention Center, ... for housing said juvenile, retroactive to the time of his/her being detained, July 29, 1997 with payment to end the date said juvenile is released....
(Emphasis ours.)
D.P.S. appeals that order.
LAW AND DISCUSSION
Appellant’s argument on appeal is twofold: 1) it was error for the juvenile court to place a child in the custody of D.P.S. solely for the purpose of payment for the child’s detention and in making its order retroactive; and 2) Louisiana law does not support the ordering of payment by the State under the circumstances presented in this case.
Title Eight of the Louisiana Children’s Code, which pertains to delinquency proceedings, provides that a child, taken into custody for an alleged delinquent act or for the alleged violation of the terms of his/her probation, shall be taken to either a shelter care facility or a juvenile detention facility. La. Ch.Code art. 815. Under the provisions of La.Ch.Code art. 817, the child is to be released to his/her parents or other relatives as soon as practicable after he/she is received at the shelter care facility orjjdetention center, if it is determined that release is appropriate. If the court determines that release is not appropriate, the court may authorize the continued custody of the child pending a hearing in accordance with the provisions of Chapter Five of this Title. Under Chapter Five of this Title (La.Ch.Code arts. 819-822), a hearing is to be held within three days of the child’s entry into the shelter care facility or juvenile detention center or the child is to be released, unless the hearing is continued at the child’s request. La.Ch.Code art. 819.
In order to support continued custody, the State must show that there exists probable cause that the child committed a delinquent act or violated a condition of his/her probation or release. La.Ch.Code art. 820. If the court determines that continued custody is required, the court may order the child be held in a licensed public or private facility for juveniles, in a private home subject to the supervision of the court, or in a juvenile detention center. La.Ch.Code art. 822. Section (B) of the preceding article provides as follows: “The court shall not place a child alleged to be a delinquent in the custody of either the department of Social Services or the department of Public Safety and Corrections prior to adjudication.” (Emphasis ours.) Accordingly, the court was without authority to place M.L.W. in the custody of the D.P.S. until after the hearing on the pending allegations.
Further, La.R.S. 46:1906(B)(1) provides the following:
The department [of Public Safety and Corrections] shall pay to the local governing *366 authority for feeding and maintaining each child who is adjudicated delinquent or in need of supervision and committed to the department and who is held in a local institution or facility due to the inability of the department to accept the child the same amount as is paid for the keeping and feeding of individuals committed to the department and confined in a parish jail. (Emphasis ours.)
In January 1992, the Attorney General of the State of Louisiana answered an inquiry by the Sheriff of St. Charles Parish concerning, among other things, who was | responsible for the per diem expenses of juveniles held in custody. We quote, approvingly, from the pertinent part of that opinion:
In response to your first question, Attorney General Opinion (A.G.O.) No. 81-411-A states that the local governing authority, ..., is responsible for all costs associated with the detention of juveniles prior to their adjudication as delinquent, a child in need of care, or a child in need of supervision ....
Costs incurred following the adjudication of juveniles is a different matter. A juvenile court has a wide range of options when placing a juvenile subsequent to his adjudication. See La.C.J.P. arts. 83 and 84 [Now see generally Chapter 16, Title 8 of the Children’s Code], Under La.R.S. 13:1582, the parents of a child committed by a court to non-parental custody may be required to pay all or a portion of the child’s expenses, according to the parents’ ability to pay.
However, when the Louisiana Department of Public Safety and Corrections accepts custody of a child pursuant to a court order, that agency has the sole authority to make treatment decisions for that child. See La.R.S. 13:1580. Moreover, the Department of Public Safety and Corrections must pay for the maintenance of any child “held in a local institution or facility due to the inability of the department to accept the child" as outlined in La.R.S. 46:1906. The department has a broad mandate to coordinate all services consisting of the management and operation of state institutions providing treatment for delinquents and children in need of supervision. See La.R.S. 46:1905 and La.R.S. 46:1910.
La. Attny Gen Op. No. 91-425 (emphasis added).
In the ease sub judice, there had not been an adjudication hearing prior to the juvenile court ordering the placement of the child with the Department of Public Safety and Corrections. Accordingly, the order of the juvenile court of July 30, 1997, placing M.L.W. in the custody of the Louisiana Department of Public Safety and Corrections is vacated and set aside. The costs of M.L. W.’s confinement, prior to that adjudication, are ordered to be paid by the local governing authority. This ruling renders moot the issue of the retroactive application of the juvenile court’s order.
ORDER VACATED AND SET ASIDE.